[694 NYS2d 745]

In the Matter of LAWRENCE J. MULLAN (Admitted as LAW-
RENCE JOSEPH MULLAN), a Suspended Attorney, Respon-
dent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DIS-
TRICT, Petitioner.

Second Department, September 13, 1999

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Muriel L. Gennosa* of counsel), for
petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court, dated March 30, 1999,
the respondent was suspended from the practice of law pursu-
ant to 22 NYCRR 691.4 (*l*) (1) (i), pending further order of this

Court, upon a finding that he is guilty of professional misconduct immediately threatening the public interest by his failure to cooperate with the Grievance Committee's investigation. The complaint emanated from a bankruptcy matter in which the respondent allegedly ignored repeated requests for the production of the debtor's books and records and for records relating to the respondent's handling of escrow funds derived from the sale of certain property of the debtor. The order, dated March 30, 1999, also authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent, and referred the issues raised in the proceeding to the Honorable Patricia D. Collins, as Special Referee, to hear and report.

The Grievance Committee now moves to impose discipline upon the respondent on the ground that he has failed to answer the petition.

The respondent was personally served with a notice of petition and petition on April 28, 1999. He failed to submit an answer, despite a directive in the decision and order of this Court dated March 30, 1999 that he do so within 10 days after service upon him of the petition.

Although served with the Grievance Committee's motion on May 24, 1999, the respondent has failed to submit any response thereto.

Based on the foregoing, the respondent is in default and the charges against him must be deemed established. The motion to impose discipline upon him on the basis of his default is, therefore, granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, J. P., S. MILLER, O'BRIEN, RITTER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lawrence J. Mullan, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence J. Mullan is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.